IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MARIO PISANI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-539 |
| | ) | |
| MICHAEL DONAHUE, | ) | Judge Sharp |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Petitioner Mario Pisani, a state prisoner incarcerated at the Hardeman County Correctional

Facility, has filed a *pro se* petition under 28 U.S.C. § 2254 for a writ of habeas corpus (ECF No. 1)

challenging a conviction and sentence handed down by the Criminal Court for Rutherford County,

Tennessee in 2004. This matter was transferred to this Court by the United States District Court for the

Western District of Tennessee pursuant to 28 U.S.C. §§ 1406(a) and 2241(d). The petition is before the

Court for initial review in accordance with Rule 4 of the Rules Governing § 2254 Cases. Rule 4 requires

this Court to promptly examine any § 2254 petition after it is filed and to dismiss it, prior to service on the

respondent, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief in the district court." As set forth below, the Court finds that the petition is subject to

dismissal under Rule 4.

## I.      PROCEDURAL BACKGROUND

In his petition, Pisani asserts that he was sentenced in January 2005 and that the Tennessee

Court of Criminal Appeals affirmed the conviction on June 18, 2007. The Tennessee Supreme Court

denied permission to appeal on June 18, 2007. (ECF No. 1, at 2.) *See also State v. Pisani*, No. M2006-

00550-CCA-R3-CD, 2007 WL 749642 (Tenn. Ct. Crim. App. March 8, 2007), *perm. to appeal denied*

(Tenn. June 18, 2007). The petitioner states that he did not file a petition for post-conviction relief (*see*

ECF No. 1, at 3, ¶ 10), but a perusal of the Westlaw database establishes that the Tennessee Court of

Criminal Appeals affirmed the denial of the petitioner's state petition for post-conviction relief in 2009.

*Pisani v. State*, No. M2008-02206-CCA-R3-PC, 2009 WL 3925251 (Tenn. Ct. Crim. App. Nov. 18, 2009),

*perm. to appeal denied* (Tenn. April 23, 2010).

Pisani filed his habeas petition in the United States District Court on April 29, 2013, more than three years after the denial of his application for permission to appeal to the Tennessee Supreme Court.

## II.     DISCUSSION

### A.     Failure to Exhaust

The claims presented in Pisani's petition, for the most part, are facially meritless.[1] Regardless of whether the petition might state a cognizable claim, however, the petitioner concedes on the face of his petition that he did not exhaust any of his claims in the state courts. He states that he did not exhaust his first ground for relief in the state courts because he was "tricked by the courts and court appointed counsel into a mocked State Government 'County-Courthouse' trial." (ECF No. 1, at 5.) He states that he did not exhaust this second, third, and fourth grounds for relief because he was "lead by 'misrepresentation and misleading facts of law'" (ECF No. 1, at 7), and he was "[l]ead [sic] by clear

---

[1] In his first and third grounds for relief, Pisani raises the novel argument that because he was accused of "infamous" crimes (rape of a child and related charges), the Fifth Amendment to the United States Constitution required that he be indicted, tried, and convicted by the *federal* government, not a *state* government. The petitioner is simply wrong. The Fifth Amendment has long been construed to restrict the activities of the federal government, but it does not restrict the scope of state governments' power. *See, e.g.*, *Public Utils. Comm'n v. Pollack*, 343 U.S. 451, 461 (1952); *Corrigan v. Buckley*, 271 U.S. 323, 330 (1927) ("The Fifth Amendment 'is a limitation only upon the powers of the General Government.'" (quoting *Talton v. Mayes*, 163 U.S. 376, 382 (1896)). That is, the Fifth Amendment does not limit the ability of the states to implement and enforce their own criminal laws. *See Talton*, 163 U.S. at 382 ("To quote the language of Chief Justice Marshall, this amendment is limitative of the 'powers granted in the instrument itself, and not of distinct governments framed by different persons and for different purposes. If these propositions be correct, the fifth amendment must be understood as restraining the power of the general government, not applicable to the states.'" (citation omitted)). The petitioner was charged under state law; it was wholly appropriate—and legal—for him to be tried and convicted in state court, and for a state prosecutor to represent the state during these proceedings.

In his fourth ground for relief, Pisani raises a vague and confusing claim based on the alleged invalidity of the arrest and search warrants issued in his case. To the extent the petitioner is attempting to raise a Fourth Amendment challenge to his conviction, such a challenge is not cognizable where the petitioner had a full and fair opportunity to litigate that claim in the state court. *Stone v. Powell*, 428 U.S. 465, 482 (1976).

His second ground for relief, however, might potentially state a colorable habeas claim for a due process violation, insofar as it might be construed to allege that his sentence was in excess of the maximum allowed by state law. (*See* ECF No. 1, at 7.) *Cf. Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt").

'Miscarriage of Justice.'" (ECF No. 1, at 9; *see id.* at 10.)[2]

Generally speaking, the federal courts are prohibited by 28 U.S.C. § 2254(b)(1)(A) from granting "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a [s]tate court . . . unless . . . the applicant has exhausted the remedies available in the courts of the [s]tate." 28 U.S.C. § 2254(c) provides that an applicant has exhausted the remedies available in state courts only if he no longer has the right to raise the question presented by any available procedure under state law. The procedural default doctrine applies to bar a federal court's review of a state prisoner's federal claim where that prisoner failed to give the state courts a "full and fair" opportunity to resolve that claim—as the exhaustion doctrine requires—and the prisoner cannot cure that failure because state-court remedies are no longer available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (holding that the procedural default doctrine preserves the integrity of the exhaustion doctrine, which "a prisoner could evade . . . by 'letting the time run' on state remedies"); *Coleman v. Thompson*, 501 U.S. 722, 732 (1991) (holding that a "habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion . . . [because] there are no state remedies any longer 'available' to him," and, thus, that the procedural default doctrine prevents a habeas petitioner from circumventing the policy underlying the exhaustion doctrine).

In order to obtain review of procedurally defaulted claim, a habeas petitioner must show "'cause for the noncompliance' and 'actual prejudice resulting from the alleged constitutional violation.' Procedural default may also be excused 'where a constitutional violation has probably resulted in the conviction of one who is actually innocent[.]'" *Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977), and *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). A petitioner can establish "cause" for noncompliance by "show[ing] that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Examples of such objective factors are interference by officials, attorney error rising to the level of ineffective assistance of counsel, and a showing that the factual or legal basis for a claim was not reasonably available." *Id.* (internal quotation

---

[2] In other words, the petitioner appears to be arguing that he was misled into believing that the state court had the power to convict him. The state court, of course, did have the power to convict him. *See* note 1, *supra.*

marks and citations omitted).

Pisani would now be prohibited from presenting any of his claims in the state courts by Tennessee's rules governing the presentment of issues on direct appeal, *see* Tenn. Code Ann. § 40-30-106(g) (issues not raised on appeal are waived), and by Tennessee's post-conviction petition statute of limitations and one-petition rule, *see* Tenn. Code Ann. § 40-30-102(a), (c). Accordingly, the petitioner is barred by procedural default from raising the claims he presents in his present petition, absent a colorable showing of cause and prejudice sufficient to overcome the default. And, although he argues that he was somehow "tricked" into failing to raise his claims, he has not alleged the type of "cause" that would excuse procedural default, nor has he raised a prejudice argument or an actual-innocence argument. The Court therefore finds that the petitioner's claims are procedurally defaulted.

**B.      Statute of Limitations**

Even if there were some basis for waiving the procedural default, or for permitting the petition to proceed past this initial review to allow argument on the issue of default, the fact remains that the petitioner's claims are barred by the one-year statute of limitations set forth at 28 U.S.C. § 2244(d).[3]

The present petition was filed more than three years after the Tennessee Supreme Court denied permission to appeal the denial of Pisani's post-conviction petition. Pisani's habeas petition is therefore barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d) unless the petitioner can

---

[3] Section 2244(d) states in relevant part:

 (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

provide some basis for equitably tolling the statute. *See Holland v. Florida*, --- U.S. ----, 130 S. Ct. 2549 (2010) (holding that that § 2244(d) is subject to equitable tolling in "appropriate cases").

Pisani's habeas petition was submitted on a court-provided form, which includes an inquiry regarding the timeliness of the petition. It states: "If your judgment of conviction became final over one year ago, you must explain [why] the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." (ECF No. 1, at 13.) Pisani responded:

> [T]here is no valid or lawful judgment of conviction and none have become final. Title 28 U.S.C. § 2244(d) only applies to lawful convictions in the "appropriate" courts and (not to) "wrongful convictions," as in the case of petitioner's. So therefore the one-year state of limitations does not bar this petition.

 (ECF No. 1, at 13.) In other words, Pisani obviously recognizes that his petition was filed outside the one-year limitations period, but he contends the statute does not apply to him because his conviction is void. This position apparently relies on the same argument raised in grounds one and three in Pisani's habeas petition: that because he was charged with "infamous" crimes, he could only lawfully have been indicted, tried, and convicted in a *federal* court, not a *state* court, based on the petitioner's misunderstanding of the Fifth Amendment. This argument is utterly without merit (see note 1, *supra*). The petitioner does not raise any potentially valid argument as to why his claims are not subject to the statute of limitations, or supporting equitable tolling of the statute. Pisani's claims are ineluctably barred by § 2244(d).

## III.    CONCLUSION

In short, the Court finds that it is clear from the face of the petition that the petitioner's claims are procedurally defaulted and barred by the one-year statute of limitations found at 28 U.S.C. § 2244(d). Because "it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," Rule 4, Rules Gov'g § 2254 Cases, the petition is hereby **DISMISSED**.

The Clerk of Court is **DIRECTED** to serve a copy of the petition and this order on the respondent and the Tennessee Attorney General. *Id.*

It is so **ORDERED**.

_Kevin H. Sharp_
Kevin H. Sharp
United States District Judge