IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARIO PISANI, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 3:13-cv-539 |
| | ) |
| MICHAEL DONAHUE, | ) Judge Sharp |
| | ) |
| Respondent. | |

## ORDER

The Court dismissed the petitioner's habeas petition upon initial review in an order entered June 10, 2013. (ECF No. 9.) The petitioner has now filed a timely Notice of Appeal (ECF No. 13.)

The Court did not address the issue of a Certificate of Appealability ("COA") in the initial order as required by Rule 11, Rules Gov'g § 2254 Cases, and therefore does so now. The petitioner may not take an appeal from an order dismissing a petition under 28 U.S.C. § 2254 unless a district or circuit judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is made when the petitioner demonstrates that "'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "[A] COA does not require a showing that the appeal will succeed," *Miller-El*, 537 U.S. at 337, but courts should not issue a COA as a matter of course. *Id.*

The claims in the petition presented here are clearly barred by procedural default and by the statute of limitations. The petition fails to state any basis for overcoming the default or for equitably tolling the statute of limitations. Because any appeal by the petitioner would not warrant attention on the merits, the Court **DENIES** a COA. The petitioner therefore may not pursue an appeal of this matter unless he requests and obtains a COA directly from the Sixth Circuit Court of Appeals. Pursuant to Rule 22(b)(2) of the Federal Rules of Appellate Procedure, the petitioner's Notice of Appeal constitutes a request to the judges of the court of appeals for a COA.

However, the petitioner also has not submitted either the $455 filing fee or a motion or application to proceed on appeal *in forma pauperis*. The petitioner **MUST**, within **30 DAYS**, cure this deficiency by submitting to this Court either the $455 fee or a completed and properly supported application to proceed *in forma pauperis*. In accordance with Rule 24(a)(1) of the Federal Rules of Appellate Procedure, the petitioner must attach to his application or motion an affidavit in which he claims an entitlement to redress and states the issues that he intends to present on appeal. The petitioner is forewarned that failure to submit the requisite filing fee or application to proceed on appeal *in forma pauperis* within the 30 days allotted may result in summary dismissal of the appeal.

It is so **ORDERED**.

Kevin H. Sharp
United States District Judge